Jeffrey H. Ruzal, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (646) 264-3672; Fax: (646) 264-3660

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

CINDY'S TOTAL CARE, INC. d/b/a CINDY'S;
NAM SAENG SIM, Individually, and
BYUNG SOOK KIM, Individually,

        Defendants.

---

Case No.: 10-CV-242 (PAE)

## SECRETARY'S MOTION *IN LIMINE* PRECLUDING DEFENDANTS FROM EXAMINING WITNESSES OR INTRODUCING EVIDENCE CONCERNING THE IMMIGRATION STATUS OR NATIONAL ORIGIN OF DEFENDANTS' EMPLOYEES

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Rm. 983
New York, New York 10014
Tel. (646) 264-3672

M. PATRICA SMITH
Solicitor

PATRICIA M. RODENHAUSEN
Regional Solicitor

JEFFREY H. RUZAL
Attorney

U.S. Department of Labor,
Attorneys for Plaintiff.

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.    The Fair Labor Standards Act Applies To All Employees,
Regardless Of Their Immigration Status . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B.    Defendants Should Be Precluded From Introducing Evidence Or
Questioning Witnesses About Matters Related to Employees'
Immigration Status At Trial As It Is Irrelevant To The Claims Or
Defenses In This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C.    Defendants' Argument That The Employees' Immigration Status Is
Relevant Is Erroneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.    Any Minimal Relevance Regarding The Employees' Immigration
Status Is Substantially Outweighed By The *In Terrorem* Effect
Of Such Questioning . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**Federal Cases:**

*Corona v. Adriatic Italian Restaurant & Pizzeria,*
No. 08 Civ. 5399,
2010 WL 675702, at *1 (S.D.N.Y. Feb. 23, 2010) .................... 2, 3, 5

*Flores v. Albertsons, Inc.,*
No. CV0100515A,
2002 WL 1163623 at *5-6 (C.D. Cal. Apr. 9, 2002) ................... 6

*Flores v. Amigon,*
233 F.Supp. 2d 462, 463 (E.D.N.Y. 2002) ........................ 2, 3, 5, 6

*Galaviz-Zamora v. Brady Farms, Inc.,*
230 F.R.D. 499, 502 (W.D. Mich. 2005) .......................... 6

*Hoffman Plastics Compound v. NLRB,*
535 U.S. 137 (2002) ........................................... 4, 5

*Liu v. Donna Karan Int'l, Inc.,*
207 F.Supp.2d 191, 192-93 (S.D.N.Y. 2002) ...................... 2, 3, 5, 6

*Patel v. Quality Inn So.,*
846 F.2d 700, 703 (11th Cir. 1988) ............................ 3

*Rengifo v. Erevos Enter., Inc.*
No. 06 Civ. 4266,
2007 WL 894376, *2 (S.D.N.Y. Mar. 20, 2008) .................... 3, 5

*Skidmore v. Swift & Co.,*
323 U.S. 134, 140 (1944) ...................................... 3

*Trejos v. Edita's Bar and Restaurant, Inc.,*
No. 08 Civ. 1477,
2009 WL 74989, at *1 (E.D.N.Y. Mar. 17, 2009) .................. 2

*Uto v. Job Site Servs. Inc.,*
269 F.R.D. 209, 211 (E.D.N.Y. 2010) ........................... 2, 6

*Widjaja v. Kang Yue USA Corp.,*
No. 09 CV 2089,
2010 WL 2132068, at *1 (E.D.N.Y. May 20, 2010) ................. 3, 5, 6

**Federal Statute:**

Fair Labor Standards Act
29 U.S.C. §201, *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## INTRODUCTION

The Secretary submits this motion *in limine* seeking an order precluding defendants Cindy's Total Care, Inc., Nam Saeng Sim and Byung Sook Kim (collectively, "Cindy's") from questioning any of the individuals identified as potential witnesses in the parties' Joint Pre-Trial Order regarding their immigration status, or offering any evidence related to any of the employees' immigration status or countries of origin.

The immigration status of the employees is not relevant to any claims or defenses asserted in this action. Specifically, the Secretary alleges that defendants violated the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*) ("FLSA" or the "Act") by failing to pay their employees overtime wages for hours that they worked in excess of forty in a week. The FLSA applies to all employees, regardless of whether they are legal residents or undocumented workers. Accordingly, the immigration status of the employees is irrelevant to this action. Further, any minimal probative value that the employees' immigration status might have for Cindy's is far outweighed by the probable *in terrorem* effect that such disclosure would have on the employees.

## FACTUAL BACKGROUND

At trial, the Secretary intends to call employees of Cindy's to testify about defendants' employment practices. Declaration of Jeffrey Ruzal ("Ruzal Decl.") at ¶3. In Defendants' Memorandum of Applicable Law, attached as defendants' Exhibit 2 to the parties' Joint Pre-Trial Order, they claim, in part, that the immigration status of Cindy's workers "is important for future wages and such claims are barred in this case." *See* Exh. 1 to Ruzal Decl. Accordingly, given the likelihood that defendants will seek to introduce

testimony or evidence concerning the employees' immigration status, the Secretary respectfully requests the Court to issue an order precluding defendants from doing such at trial.

## ARGUMENT

### A. The Fair Labor Standards Act Applies To All Employees, Regardless Of Their Immigration Status.

"[A]ll employees, regardless of their immigration status, are protected by the provisions of the FLSA." *Flores v. Amigon*, 233 F.Supp.2d 462, 463 (E.D.N.Y. 2002). *See also Corona v. Adriatic Italian Restaurant & Pizzeria*, No. 08 Civ. 5399, 2010 WL 675702, at *1 (S.D.N.Y. Feb. 23, 2010) (Fox, J.) ([T]he F[LSA] applies to any individual employed by an employer, as the term is defined by the Act. . . . Thus, any individual regardless of his or her immigration status . . . may prosecute an action premised on the [] Act"); *Liu v. Donna Karan Int'l, Inc.*, 207 F.Supp.2d 191, 192-93 (S.D.N.Y. 2002) (Knapp, J.) ("[C]ourts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable"); *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 211 (E.D.N.Y. 2010) (same); *Trejos v. Edita's Bar and Restaurant, Inc.*, No. 08 Civ. 1477, 2009 WL 74989, at *1 (E.D.N.Y. Mar. 17, 2009) ("federal courts have consistently recognized that even undocumented workers are entitled to the FLSA's protections").

**B.  Defendants Should Be Precluded From Introducing Evidence Or Questioning Witnesses About Matters Related to Employees' Immigration Status At Trial As It Is Irrelevant To The Claims Or Defenses In This Action.**

Because all workers, regardless of their immigration status, enjoy the rights and protections afforded under the FLSA, courts have precluded, as irrelevant, evidence concerning workers' immigration status. *See, e.g. Corona*, 2010 WL 675702, at *1 ("The plaintiffs' immigration status will have no bearing on the matters of consequence to be determined during the trial of this action [] whether the plaintiffs were compensated in accordance with applicable state and federal wage and hour statutes, for the work they performed. Therefore, the plaintiffs' immigration status is not relevant . . ."); *Rengifo v. Erevos Enter., Inc.*, No. 06 Civ. 4266, 2007 WL 894376, *2 (S.D.N.Y. Mar. 20, 2008) (Ellis, J.) (FLSA plaintiff's ". . . immigration status and authority to work is a collateral issue" and therefore not discoverable); *Widjaja v. Kang Yue USA Corp.*, No. 09 CV 2089, 2010 WL 2132068, at *1 (E.D.N.Y. May 20, 2010) ("A plaintiff's immigration status is not normally discoverable"); *Liu*, 207 F.Supp.2d at 192 (same); *Amigon*, 233 F.Supp.2d at 464 (same).

Likewise, the U.S. Department of Labor has established an interpretation of the Act finding that immigration status is not relevant to liability for unpaid wages. The Department's interpretation is entitled to deference.[1] *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *Patel v. Quality Inn So.*, 846 F.2d 700, 703 (11th Cir. 1988)

---

[1] The Department "has had a longstanding and consistent interpretation that the FLSA includes all workers regardless of immigration status," and "has successfully maintained the legal position that employer questioning regarding employees' immigration status is not relevant to liability for unpaid wages under the FLSA." Exh. 2 to Ruzal Decl. (Letter Brief of Solicitor of Labor, at 6, *Josendis v. Wall to Wall Residence Repairs, Inc.*, No. 09-12266 (11th Cir., Aug. 26, 2010) (listing relevant cases).

3

(deferring to Department of Labor's interpretation that undocumented workers are entitled to rights and remedies afforded by FLSA).

Accordingly, here, as the Secretary is seeking from defendants unpaid back wages owed to current and former employees of Cindy's under the FLSA, any testimony or evidence concerning the employees' immigration status is irrelevant and its introduction at trial should be precluded.

### C. Defendants' Argument That The Employees' Immigration Status Is Relevant Is Erroneous.

Defendants contend that evidence concerning the employees' immigration status is relevant to this lawsuit. However, defendants' argument is erroneous and without support. In Point 6 of their Memorandum of Applicable Law, defendants assert, in part, that:

> While the immigration status of the workers is generally irrelevant to the claims of unfair employment practices, the status is important for future wages and such claims are barred in this case. *Hoffman Plastics Compound v. NLRB*, 535 U.S. 137 (2002).* * *

Exh. 1 to Ruzal Decl.

This argument is flawed for several reasons. First, defendants assert that the immigration status of Cindy's employees is important for claims for "future wages." However, the Secretary has not set forth in her Complaint any claims seeking future wages for any of Cindy's employees.[2] Rather, the Secretary is seeking back wages owed to Cindy's current and former employees as a result of defendants' failure to pay them overtime wages for the overtime hours that they worked.

---

[2] In her Complaint, the Secretary seeks, in part, an injunction pursuant to Section 17 of the FLSA permanently restraining defendants from violating the overtime pay and recordkeeping provisions of the Act. However, prayer for such relief is not tantamount to a claim for future wages.

4

Second, defendants argue that the employees' immigration status is relevant – or, as they put it, "important" – to this litigation. However, defendants fail to provide any actual reason(s) why immigration status is relevant. And indeed they cannot, as legal precedent establishes that immigration status is not relevant. *See, supra*, Section B; *See also, e.g. Corona*, 2010 WL 675702, at *1 ("[P]laintiffs' immigration status is not relevant . . .") *Renfigo*, 2007 WL 894376, at *2 (FLSA plaintiff's . . . "immigration status and authority to work is a collateral issue" and therefore not discoverable); *Widjaja*, 2010 WL 2132068, at *1 (rejecting employer's contention that "immigration status is relevant to [employees'] credibility"); *Liu*, 207 F.Supp.2d 191, 192-93 (same).

Third, defendants erroneously cite to *Hoffman Plastics Compound, Inc. v. NLRB* to support their argument. *Hoffman* has no precedential value here. In *Hoffman*, the Supreme Court held that an undocumented immigrant who was wrongfully discharged in violation of the National Labor Relations Act was not entitled to post-termination back pay *for work that he did not actually perform*.[3] *Id.* at 1282-84.

Wholly different from *Hoffman*, here, the Secretary is seeking a back pay award for work that was, in fact, performed by Cindy's employees. Many courts, including those within the Second Circuit, have recognized this very distinction and have expressly held that *Hoffman* does not apply to FLSA cases in which workers, including undocumented immigrants, are seeking pay for work that was actually performed. *See Amigon*, 233 F.Supp.2d at 464 (*Hoffman* does not apply to FLSA cases in which workers

---

[3] In *Hoffman*, the Supreme Court explained that such an award would conflict with federal immigration policy as expressed in the Immigration Reform and Control Act of 1986 ("IRCA"). The IRCA contains a number of provisions aimed at combating employment of undocumented workers.

are seeking pay for work actually performed); *Liu*, 207 F.Supp.2d at 192 (same); *Widjaja*, 2010 WL 2132068, at *1 (same).

D.  **Any Minimal Relevance Regarding The Employees' Immigration Status Is Substantially Outweighed By The *In Terrorem* Effect Of Such Questioning.**

Assuming that defendants can articulate a reason as to why employees' immigration status is relevant to this litigation – which, thus far, they have failed to do – the *in terrorem* effect of disclosing employees' immigration status alone necessitates the exclusion of such evidence.

Even where information concerning a plaintiff's immigration status may be relevant, courts have excluded such evidence finding that "the potential for prejudice far outweighs whatever minimal probative value such information would have." *Amigon*, 233 F.Supp.2d at 464-65 (citing *Liu*, 207 F.Supp.2d at 193). The *Amigon* Court reasoned, in part, that:

> If forced to disclose their immigration status, most undocumented aliens would withdraw their claims or refrain from bringing an action . . . in the first instance. This would effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation. Until Congress or the Supreme Court clearly determines that the FLSA does not apply to these workers, the prejudice to plaintiff outweighs any potential relevance this information may have to the defense.

*Id.* (citing *Flores v. Albertsons, Inc.*, No. CV0100515A, 2002 WL 1163623 at *5-6 (C.D. Cal. Apr. 9, 2002). *See also Uto*, 269 F.R.D. at 211-212 (noting the "chilling effect" of inquiry into immigration status); *Widjaja*, 2010 WL 2132068, at *1 (E.D.N.Y. May 20, 2010) (holding that the chilling effect of immigration inquiry outweighs relevance of any disclosure of immigration status); *Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499, 502 (W.D. Mich. 2005) ("As for Defendants' argument that [] immigration status is

6

relevant on the issue of credibility, . . . the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted *far* outweighs whatever legitimate value such material holds for Defendants") (emphasis in original).

Accordingly, even if defendants are able to articulate the relevance of the employees' immigration status, the probable *in terrorem* effect that the introduction of such evidence would cause, by itself, necessitates its exclusion.

## CONCLUSION

For all of the foregoing reasons, the Secretary respectfully requests that the Court grant the Secretary's motion *in limine* precluding defendants from introducing any evidence or questioning any witnesses at trial concerning the immigration status or countries of origin of any of Cindy's current or former employees.

Dated: October 11, 2011
New York, New York

    M. PATRICA SMITH
    Solicitor

    PATRICIA M. RODENHAUSEN
    Regional Solicitor

    HAROLD W. LeMAR
    Senior Trial Attorney

    SUMMER C. SMITH
    Attorney

    BY:    /s/
    JEFFREY H. RUZAL
    Attorney

    U.S. Department of Labor,
    Attorneys for *Plaintiff*