UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                                                :

HILDA L. SOLIS, Secretary of Labor, United States      :
Department of Labor,                                                           10 Civ. 7242 (PAE)

                                    Plaintiffs,         :        OPINION AND ORDER
              -v-                          :

CINDY'S TOTAL CARE, INC., d/b/a CINDY'S NAM  :
SAENG SIM, NAM SAENG SIM, individually, and    :
BYUNG SOOK KIM, individually,                       :

                                  Defendants.   :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Secretary of Labor Hilda Solis ("the Secretary") brings this action under the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*) ("FLSA" or "the Act"). The Secretary claims that defendants Cindy's Total Care, Inc., Nam Saeng Sim, and Byung Sook Kim, (collectively, "Cindy's" or "Defendants") failed to pay their nail care and salon employees overtime wages for hours they worked in excess of 40 hours in a week. The Secretary seeks monetary and injunctive relief. Trial is scheduled to begin on November 29, 2011.

      At issue here is a motion *in limine* brought by the Secretary, seeking to preclude Cindy's from introducing at trial evidence of the immigration status or national origin of any of Cindy's employees and from questioning employee witnesses as to these subjects. In its answer, Cindy's had identified the immigration status of its employees as an affirmative defense. Cindy's stated that employees' immigration status "is important for future wages" and that claims as to such wages therefore "are barred in this case." At an October 13, 2011 pretrial conference, counsel

for Cindy's reiterated its intention to elicit evidence of the immigration status and national origin of one or more employees whose wages are at issue.

For the reasons set forth herein, the Secretary's motion to preclude such evidence is granted.[1]

The threshold requirement for admission of evidence is that it be relevant. Under Federal Rule of Evidence 401, relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Whether a disputed fact is "of consequence" is therefore framed by the elements of, and cognizable defenses to, the underlying cause of action.

In this case, an employee's immigration status, or national origin, is clearly *irrelevant* to a claim for back pay for overtime wages under the FLSA. By its terms, the FLSA applies to "any individual" employed by an employer, as the term "employer" is defined by the Act. 29 U.S.C. § 203(e)(1). The Act contains no exception or exclusion for persons who are not U.S. citizens or who are in this country illegally.

For this reason, the courts to consider this issue have uniformly held that any person, regardless of his or her immigration status, who is employed by an employer, may pursue an action under the Act for work actually performed. *See, e.g.*, *Corona v. Adriatic Italian Restaurant & Pizzeria*, 2010 WL 675702, at *1 (S.D.N.Y. Feb. 23, 2010) (citing *Patel v. Quality Inn South*, 846 F.2d 700, 702 (11th Cir.1988), *cert. denied*, 489 U.S. 1011 (1989)). Indeed, cases have held that employees' immigration status or national origin is not even a suitable area for pretrial discovery. *See, e.g.*, *Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002) ("plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA" held "undiscoverable"); *Renfigo v. Erevos Enter. Inc.*, 2007 WL

---

[1] Shortly before the issuance of this opinion, Cindy's submitted a letter to the Court stating that it was consenting to withdraw this affirmative defense and was no longer opposing the Secretary's motion *in limine*. Although Cindy's therefore has abandoned its prior intention of eliciting such evidence, this opinion is issued to explain why such evidence, if offered, would have been excluded.

894376, *2 (S.D.N.Y. Mar. 20, 2008) (plaintiff's "immigration status and authority to work is a collateral issue" and not discoverable).

This plain-language construction also vindicates the statute's stated purposes: to protect workers from substandard wages, and to prevent the payment of substandard wages from being used as "an unfair method of competition" against law-abiding competitors. 29 U.S.C. § 202(a)(3). *See Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 299 (1985) (noting that employers that pay lower wages than are required by the FLSA have lower labor costs and thus may gain an unfair advantage over competitors who comply with the law). Were non-citizens, undocumented workers, or illegal aliens excluded from the Act's coverage, employers could undercut law-abiding competitors by hiring such persons and paying them substandard wages. By contrast, a statutory construction that empowers all workers who have performed work for which they have received statutorily substandard wages to seek recovery for back pay under the FLSA levels the playing field among employers.

Although the plain statutory text squarely resolves this issue, it is noteworthy that the Department of Labor's interpretation of the Act is consistent with this holding. The Secretary has supplied the Court with an August 26, 2010 letter from the Solicitor of Labor that reflects the Department's longstanding interpretation that immigration status is not relevant to liability for unpaid earned wages under the FLSA.

It is of no moment that this case is brought not directly by Cindy's employees, but by the Secretary on their behalf. The FLSA empowers the Secretary to "bring an action by or on behalf of any employee," and all sums recovered by a judgment in such an action are to be paid "directly to the employee or employees affected." 29 U.S. C. §§ 216(b)–(c).

In its answer, Cindy's asserted that employees' immigration status might be relevant in an action seeking to recover "future wages." There is no occasion to address that issue here. The Secretary has stated clearly that that the monetary relief she seeks to obtain on behalf of Cindy's employees in this case is exclusively retrospective, in the form of back wages owed to current or former employees as a result of Cindy's alleged failure to pay them overtime wages for the overtime hours that they worked.

This is also not a case in which an employee's immigration status may be relevant to impeachment. Where an employee witness had falsely attested to United States citizenship or had fabricated naturalization documents, evidence of the employee's illegal immigration status might well be relevant to credibility. However, the Court would still have to determine whether the probative value of such evidence was substantially outweighed by the risk of unfair prejudice or confusion, *see* Fed. R. Evid. 403, including the potential chilling, *in terrorem* effect on undocumented alien employees who might be deterred from coming forward to report FLSA infractions or to testify at trial. *See, e.g.*, *Flores v. Amigon*, 233 F. Supp. 2d 462, 464–65 (E.D.N.Y. 2002). Here, however, at the October 13, 2011 hearing, Cindy's expressly disclaimed an intent to offer immigration status as evidence of impeachment. As a result, no such impeachment evidence will be permitted at trial.

## CONCLUSION

The Secretary's motion *in limine* to preclude the Defendants from introducing evidence relating to potential witnesses' immigration status or national origin and from questioning such witnesses as to these subjects is granted.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 31, 2011
       New York, New York